UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DUSTIN E. MCGUIRE, | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-400-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Dustin E. McGuire, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-21-1-283) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of threatening in violation of Indiana Department of Correction Offense 213. Following a hearing, he was sanctioned with the loss of ninety days earned credit time, a demotion in credit class,[1] and thirty days of segregation.

McGuire argues that he is entitled to habeas relief because correctional staff misstated the time when the threatening behavior occurred as 8:30 a.m. but that it occurred at 10:00 a.m. He does not suggest that the misstatements harmed his ability to defend himself but contends that they constitute perjury and that the court should dismiss his disciplinary case on the basis of perjury. "The Supreme Court has clearly

---

[1] Though McGuire alleges that he was demoted by two credit classes, the Warden has submitted information from the electronic database used by the Indiana Department of Correction demonstrating that he was demoted by only one credit class as a result of this disciplinary decision. ECF 20-12.

established that a prosecutor's knowing use of perjured testimony violates the Due Process Clause." *Schaff v. Snyder*, 190 F.3d 513, 530 (7th Cir. 1999). "When the defendant argues that the government allegedly used perjured testimony, to warrant setting the verdict aside and ordering a new trial, the defendant must establish that: (1) the prosecution's case included perjured testimony; (2) the prosecution knew or should have known of the perjury; and (3) there is a reasonable likelihood that the false testimony could have affected the judgment of the jury." *Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001). "Perjury" is defined as "the act or an instance of a person's deliberately making materially false or misleading statements while under oath." BLACK'S LAW DICTIONARY (11th ed. 2019). Even assuming that correctional staff misstated the time in their reports, the record contains no indication that the misstatements were deliberate, under oath, or material to the outcome of the disciplinary case. Therefore, this claim is not a basis for habeas relief.

     McGuire argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He maintains that the hearing officer demonstrated bias by finding him guilty because he provided statements to assist other inmates in defending against disciplinary charges. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* The record contains no indication that the hearing officer was personally involved with the

threatening behavior that was the subject of conduct report against McGuire. Further, in a declaration, the hearing officer explains that McGuire provided statements indicating that he authorized other inmates to take property from his cubicle before he went to lock up and that she found these authorizations consistent with the conduct report against McGuire. ECF 20-10. More specifically, she believed that these authorizations and the threatening behavior demonstrated a scheme to assault a case worker. *Id.* Because it is unclear how a hearing officer's consideration of an inmate's statements that are consistent with the conduct report amount to improper bias, the court cannot find that that this argument warrants habeas relief.

McGuire argues that the sanctions imposed were excessive, noting that he received the loss of ninety days earned credit time and two demotions in credit class. He also notes that he received thirty days of segregation and the loss of visitation privileges, but these sanctions cannot be a basis for habeas relief because they do not affect the fact or duration of his sentence. *See Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). "A federal court will not normally review a state sentencing determination [that] falls within the statutory limit." *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). As discussed above, departmental records indicate that McGuire received only one demotion of credit class. ECF 20-12. According to departmental policy, inmates found guilty of threatening may be sanctioned with up to the loss of three months earned credit time and one demotion in credit class. ECF 20-13 at 40. Because these sanctions affecting the duration of his sentence were within the parameters set forth by departmental policy, they are not a basis for habeas relief.

3

Because McGuire has not asserted a valid claim for habeas relief, the habeas petition is denied. If McGuire wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Dustin E. McGuire leave to proceed in forma pauperis on appeal.

SO ORDERED on October 26, 2021

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge